UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William Joseph Ford,

      Petitioner,  Case No. 20-cv-11106

v.          Judith E. Levy
            United States District Judge
Sherman Campbell,

      Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS [1], DENYING CERTIFICATE OF
APPEALABILITY, AND GRANTING LEAVE TO APPEAL
<u>WITHOUT PREPAYMENT OF FEES</u>**

  Petitioner William Joseph Ford filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is in the custody of the Michigan Department of Corrections following a conviction for intentionally discharging a firearm at a facility he knew or had reason to believe was occupied, which caused serious injury. Mich. Comp. Laws § 750.234b(4). Petitioner argues that habeas relief is warranted because the trial court relied on materially false information when imposing his

sentence, the sentence is disproportionate, and the trial court failed to give reasons for departing upward from the sentencing guidelines.

The state courts' denial of these claims was not contrary to or an unreasonable application of Supreme Court precedent. The petition for habeas corpus is denied. The Court also denies a certificate of appealability and grants Petitioner leave to proceed *in forma pauperis* on appeal.

**I. Background**

On May 20, 2018, Matthew Burrows suffered a non-fatal gunshot wound to his face while at Petitioner's home in the Village of Elberta, Benzie County, Michigan. Petitioner was charged as a second habitual offender with assault with intent to murder, discharge of a firearm in or at a building causing serious injury, lying to a peace officer, discharge of a firearm while under the influence causing serious impairment, and interfering with a police investigation.

On September 18, 2018, Petitioner pleaded no contest to intentionally discharging a firearm at a facility he knew or had reason to believe was a dwelling, causing serious impairment. (*See* ECF No. 8-7.) In exchange for the plea, the prosecutor dismissed the remaining

charges. During the plea hearing, the parties stipulated to the use of the preliminary examination transcript to serve as the factual basis for the plea. (*Id.* at PageID.227–228.)

The preliminary examination transcript includes the testimony of the victim, Matthew Burrows. Burrows testified that, while at Petitioner's home on the day of the shooting, he got into an argument with Katelyn Delle. (ECF No. 8-4, PageID.175.) Burrows testified that the next thing he knew he was lying on the floor. (*Id.* at PageID.176.) Burrows stood up, looked at Petitioner, who still had the gun in his hand, and said, "[Y]ou just sh[ot] me." (*Id.*) Petitioner said he did not like the way Burrows had been talking to Katelyn. (*Id.* at PageID.177.) As a result of the gunshot injury, Burrows is missing his top jaw on the right side, part of his tongue, and all of his teeth on the right side of his mouth. (*Id.* at PageID.178.)

On December 4, 2018, Petitioner was sentenced to 7-1/2 to 20 years imprisonment. Petitioner applied for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." *People v. Ford*, No. 349281

(Mich. Ct. App. July 9, 2019). The Michigan Supreme Court also denied Petitioner leave to appeal. *People v. Ford*, 505 Mich. 942 (2019).

Petitioner then filed this petition for habeas corpus relief. The following claim is before the Court:

> The sentence in this matter should be vacated and remanded for resentencing, as the trial court took into account materially false misinformation into the guidelines range in deciding on the minimum sentencing range, and in the alternative the sentence was disproportional to the facts and circumstances of the case, and/or the judge failed to give adequate reasons for the degree of the upward departure from the guidelines range.

(ECF No. 7, PageID.30–31 (summarizing Petitioner's petition for writ).) Respondent filed an answer in opposition. (ECF No. 7.)

## II. Legal Standard

A § 2254 habeas petition is governed by the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. To obtain relief, habeas petitioners who raise claims previously adjudicated by state courts must "show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the

4

evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted). Ultimately, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Additionally, a state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III. Discussion

Petitioner challenges his sentence of 7-1/2 to 20 years imprisonment on several grounds. He argues: the trial court relied on inaccurate information when determining his minimum sentencing guidelines range and in deciding his sentence;[1] his sentence is disproportionately harsh; and the trial court failed to provide adequate reasons for the upward departure from the guidelines range.

A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information and that the information was, indeed, inaccurate. *Stewart v. Erwin*, 503 F.3d 488, 495 (6th Cir. 2007).

Petitioner makes no such showing. The record shows that he had a sentencing hearing before the state trial court where he had an

---

[1] Respondent maintains that Petitioner has failed to exhaust this portion of his claim. **Error! Main Document Only.**Exhaustion is not a jurisdictional bar to review and where, as here, the claim is meritless, the Court may proceed to the merits. *See Granberry v. Greer*, 481 U.S. 129, 131, 134–35 (1987).

opportunity to challenge the presentence investigation report (PSIR) and the scoring of offense and prior record variables. Petitioner did not argue or establish that information contained in the PSIR was incorrect. Instead, he asked the trial court to take many mitigating factors into consideration, including that his prior convictions were well over 10 years old, he had feelings of remorse, and he has close relationships with family members.

In his habeas petition, Petitioner challenges the number of prior felonies listed in the PSIR, but fails to offer any proof to substantiate his argument except for his own statement. His own self-serving statement is insufficient to show that information regarding his prior convictions was false. Petitioner also challenges the description of his 1978 California conviction for unlawful sexual intercourse. He states that this offense involved a consensual relationship with his 17-year-old girlfriend and that he was only arrested after his girlfriend's mother found out about the relationship. (ECF No. 8-10, PageID.598.) The description of the offense included in the PSIR indicates the victim stated that Petitioner "who had been drinking and smoking marijuana entered a bedroom and overpowered her physically, forcing her to engage in sexual intercourse."

(*Id.*) Petitioner's disagreement with the officer's description of the offense does not establish that the description was "extensively and materially false." *Townsend*, 334 U.S. at 741.

Petitioner also disagrees with the trial court's characterization of his prior criminal conduct as violent. The PSIR supports the trial court's characterization. The sexual assault, as described, is aptly categorized as violent. Petitioner argues that his 1979 California offense of entering a residence of another and stealing a handgun and ammunition was not a violent offense. The PSIR does not specify what provision of the California Penal Code applies to Petitioner's conviction for theft of a handgun and ammunition from a residence.[2] (ECF No. 8-10, PageID.599.) Petitioner does not provide any information in support of his position that this was not a violent offense. Nor did he do so in his direct appeal. Accordingly, Petitioner fails to establish that the state court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct.

---

[2] The California Penal Code characterizes theft of a firearm as "grand theft." *See* Cal. Penal Code § 487. If in fact this was the statute under which Petitioner was convicted, it was recognized as a felony that could be fairly characterized as violent. *See People v. Sutton*, 35 Cal. App. 3d. 264, 267 (1973) (characterizing a conviction under § 487 as a felony, and discussing acts of violence in connection with the offenses).

8

Moreover, when the trial court discussed Petitioner's history of violent offenses, the judge did not cite to Petitioner's theft of a firearm conviction as an example of a violent offense. Rather, the judge stated, "the fact that alcohol, firearms and violence have a[] historical root in your life and the behavior in which you engaged in this crime, and, really the way you conducted yourself afterward justifies the . . . sentence." (ECF No. 8-8, PageID.272.) Accordingly, this argument is denied.

Petitioner's claim that his sentence is disproportionate is also meritless. "[T]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). "'[O]nly an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). As long as a sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949). *See also*

9

*Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) ("A sentence within the statutory maximum . . . generally does not constitute cruel and unusual punishment.") (internal quotation omitted).

Petitioner's sentence is not grossly disproportionate or excessive. The maximum sentence of twenty years did not exceed the statutory maximum for the offense. *See* Mich. Comp. Laws § 750.234b(4) (allowing a sentence of up to 20 years imprisonment). The state trial court based the minimum sentence on many factors including Petitioner's criminal history, the extensive injuries suffered by the victim, and Petitioner's actions after the shooting. The trial court acted within its discretion and the Court finds no extreme disparity between the crime and sentence that would implicate Eighth Amendment concerns.

Finally, Petitioner's argues that the trial court erred in upwardly departing from the sentencing guidelines without providing substantial and compelling reasons for the departure. The requirement that a sentencing court articulate a "substantial and compelling reason" for departure from the sentencing guidelines is found in Michigan, not federal, law. *See* Mich. Comp. Laws § 769.34(3); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of

state sentencing guidelines and crediting statutes is a matter of state concern only.") "[A] mere error of state law is not a denial of due process." *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (internal quotations omitted). Thus, this claim is not cognizable on federal habeas review.

## IV. Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (2003) (internal quotes and citations omitted).

Reasonable jurists would not find the Court's assessment of Petitioner's claims to be debatable or wrong. The Court therefore declines to issue a certificate of appealability.

The Court grants Petitioner leave to appeal *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

## V.  Order

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner may proceed on appeal *in forma pauperis*.

IT IS SO ORDERED.

Dated: March 2, 2023　　　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 2, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
